IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OTIS D. MITCHELL, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 24-5687 |
| | : | |
| ZACHARY S. ROBINSON, *et al.*, | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                                                                              **January 15, 2025**

Plaintiff Otis D. Mitchell, a pretrial detainee currently incarcerated at the Montgomery County Correctional Facility, commenced this action by filing a *pro se* Complaint pursuant to 42 U.S.C. § 1983, asserting violations of his constitutional rights. ECF No. 2. Since filing his original Complaint, Mitchell has filed an Amended Complaint (ECF No. 5), which serves as the governing pleading in this case.[1] Currently before the Court are Mitchell's Amended Complaint, his Motion

---

[1] An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (*per curiam*) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (holding that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings.").

Additionally, the Federal Rules of Civil Procedure do not contemplate piecemeal pleadings or the amalgamation of pleadings, even in the context of a *pro se* litigant. *See Bryant v. Raddad*, Civ. No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims." (internal citation and quotation marks omitted); *Brooks-Ngwenya v. Bart Peterson's the Mind Tr.*, Civ. No. 16-193, 2017 WL 65310, at *1 (N.D. Ind. Jan. 6, 2017) ("Piecemeal pleadings cause confusion and unnecessarily complicate interpretation of a movant's allegations and intent[] . . . .").

The Court presumes that Mitchell, who is proceeding *pro se*, did not understand that by filing his Amended Complaint, he effectively abandoned the claims raised in his initial Complaint. The Complaint asserted claims against the Pottstown Police Department, Pottstown Police Officers Zachary Robinson and Ryan L. Guth, Pottstown Assistant District Attorney Gabrielle Hughes, and

for Leave to Proceed *in Forma Pauperis*, a Prisoner Trust Fund Account Statement, and a Motion for Replevin.[2] ECF Nos. 1, 5, 6, 7, 8. Mitchell asserts claims against Magistrate Judge Edward Kropp, the Pottstown District Attorney's Office, unidentified Assistant District Attorneys, the Pottstown Public Defender's Office, unidentified lawyers and the firms with which they are associated, the Commonwealth of Pennsylvania, the Borough of Pottstown, Court Administrator Lauren Heron, the Court Administration Office, and the unidentified Judge who presided at Mitchell's October 24, 2024 arraignment. Amended Complaint at 2. For the following reasons, the

---

attorneys P.J. D'Angelo, Cary B. Hall, and Scott Flame, who are alleged to be associated with the Pottstown Public Defender's Office. ECF No. 2 at 4. Because the Court will grant Mitchell leave to file a second amended complaint, he may include in his second amended complaint his claims against these Defendants, who were not named in the Amended Complaint, if he chooses to do so.

[2]     Mitchell's Motion to Replevin seeks an Order requiring the named Defendants to place one billion dollars in escrow, presumably to secure any future recovery in this case. *See* ECF No. 8. The Court construes the Motion as a request for a preliminary injunction and denies it as such. Federal Rule of Civil Procedure 65 governs temporary restraining orders and preliminary injunctions. "The standards for a temporary restraining order are the same as those for a preliminary injunction." *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994). Preliminary injunctive relief "is not granted as a matter of right." *Kershner v. Mazurkiewicz*, 670 F.2d 440, 443 (3d Cir. 1982). Rather, a "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal quotations omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008); *Fulton v. City of Philadelphia*, 922 F.3d 140, 152 (3d Cir. 2019). "The first two factors are prerequisites for a movant to prevail." *Holland v. Rosen*, 895 F.3d 272, 286 (3d Cir. 2018). "If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). "A plaintiff's failure to establish any element in its favor renders a preliminary injunction inappropriate." *Nutrasweet Co. v. Vit-Mar Enters.*, 176 F.3d 151, 153 (3d Cir. 1999). Additionally, if the request for injunctive relief centers on the ownership of money, any injury cannot plausibly be deemed to be irreparable. *See Tantopia Franchising Co., LLC v. W. Coast Tans of PA, LLC*, 918 F. Supp. 2d 407, 417 (E.D. Pa. 2013) ("Irreparable harm is injury that cannot adequately be compensated by monetary damages.") In light of the Court's dismissal of Mitchell's Amended Complaint for failure to state a claim, Mitchell cannot establish that he is likely to succeed on the merits in this case. As a result, the Motion will be denied.

Court will grant Mitchell leave to proceed *in forma pauperis* and will dismiss his Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Mitchell will be granted leave to file a second amended complaint that includes all of the defendants and claims he seeks to include in this action.

I.   **FACTUAL ALLEGATIONS**[3]

Mitchell's Amended Complaint is merely a list of individuals who the Court understands took part in an arraignment held on October 24, 2024. *See* Amended Complaint. Mitchell claims that these proceedings were illegal. *Id*. He asserts claims for torture, false imprisonment, piracy, and cruel and unusual punishment. *Id*. He further claims that he has been subject to the treatment referred to because he is a Wichita Native American and a member of the Moorish Science Temple of America. *Id*. He does not identify the form of relief that he seeks. *Id*.

The publicly available docket in *Commonwealth v. Mitchell*, CP-46-CR-5179-2024 (C.P. Montgomery) reflects that on August 15, 2024, Officer Ryan L. Guth of the Pottstown Police Department arrested Mitchell in connection with a variety of drug related charges. Gabrielle Hughes is identified as the Assistant District Attorney assigned to the case. *Id*. Cary B. Hall and Scott Frame are identified as the Public Defenders assigned to the case. *Id*. The docket reflects that a pre-trial conference took place on January 13, 2025. *Id*.

Additionally, the publicly available docket in *Commonwealth v. Mitchell*, CP-46-CR-4849-2024 (C.P. Montgomery)—a separate case—reflects that on August 16, 2024, Officer Zachary S.

---

[3]   The factual allegations set forth in this Memorandum are taken from Mitchell's Amended Complaint (ECF No. 5.). The Court adopts the pagination supplied by the CM/ECF docketing system. Additionally, the Court includes facts reflected in publicly available dockets, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim). Where appropriate, grammar, spelling and punctuation errors in Mitchell's pleadings have been corrected for clarity.

Robinson of the Pottstown Police Department arrested Mitchell in connection with a variety of drug and related charges. Gabrielle Hughes is identified as the Assistant District Attorney assigned to the case. *Id*. Cary B. Hall and Scott Frame are identified as the Public Defenders assigned to the case. *Id*. The docket reflects that an arraignment was held by video on October 24, 2024 and appears to have been presided over by Deputy Court Administrator Lauren Heron. *Id*. The docket reflects that a pre-trial conference took place on January 13, 2025. *Id*.

## II.     STANDARD OF REVIEW

The Court will grant Mitchell leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4] Under 28 U.S.C. § 1915(e)(2)(B)(ii), a Court must dismiss a complaint it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Mitchell is proceeding *pro*

---

[4]   Because Mitchell is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

*se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

A complaint may also be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief.  *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading identifies discrete defendants and the actions taken by these defendants in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation and internal quotation marks omitted).  A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94.  The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8."  *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted).  In other words, "[a] complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim."  *Prelle v. United States by Prelle*, Civ. No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (*per curiam*) (internal quotations and citations omitted).  Dismissals under Rule 8 are "'reserved for those cases in which the complaint is so confused,

ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

### III. DISCUSSION

The Court liberally construes Mitchell's Amended Complaint as asserting claims based on alleged violations of his constitutional rights arising from his state court criminal proceedings. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode*, 845 F.2d at 1207; *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)); *Iqbal*, 556 U.S. at 676 ("[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Mitchell's Amended Complaint cannot proceed as pled. Although he identifies Defendants, Mitchell includes virtually no factual allegations in his Amended Complaint describing any conduct engaged in by the named Defendants. The allegations in the Amended Complaint do not provide enough information to put the named Defendants on notice of the basis for the claims against them, and the Court concludes that Mitchell's allegations do not support any plausible claim against the named Defendants in accordance with Rule 8. Therefore, the Court will dismiss the Amended Complaint in its entirety. *See Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable

inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits).

Mitchell will be granted leave to file a second amended complaint. The second amended complaint must identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint and shall state the basis for Mitchell's claims against each defendant. The second amended complaint shall be a complete document that does not rely on the initial Complaint, the Amended Complaint, or other papers filed in this case. Mitchell shall raise all factual allegations and legal claims that he seeks to bring against all defendants in his second amended complaint. Any allegations, claims, or defendants that are not included will not be considered part of this case.

## IV.    CONCLUSION

For failure to state a claim, the Court will dismiss Mitchell's Amended Complaint in full. However, the Court will grant Mitchell leave to file a second amended complaint, should he wish to do so. Mitchell's Motion for Replevin will be denied without prejudice.

An appropriate order follows.

                                                 BY THE COURT:

                                                 /s/ Juan R. Sánchez
                                                 Juan R. Sánchez, J.