IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OTIS D. MITCHELL | : | CIVIL ACTION |
| | : | |
| v. | : | No. 24-5687 |
| | : | |
| ZACHARY S. ROBINSON, *et al.*, | : | |

**<u>ORDER</u>**

AND NOW, this 15th day of January, 2025, upon consideration of Plaintiff Otis D. Mitchell's Motions to Proceed *In Forma Pauperis* (ECF Nos. 1, 6), his Prisoner Trust Fund Account Statement (ECF No. 7), his *pro se* Amended Complaint (ECF No. 5), and his Motion to Replevin (ECF No. 8), it is hereby ORDERED:

1. Leave to proceed *in forma pauperis* is GRANTED pursuant to 28 U.S.C. § 1915.

2. Michell shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court DIRECTS the Warden of the Montgomery County Correctional Facility—or other appropriate official—to assess an initial filing fee of 20% of either (a) the average monthly deposits to Mitchell's inmate account or (b) the average monthly balance in Mitchell's inmate account for the six-month period immediately preceding the filing of this case, whichever is greater. The Warden or other appropriate official shall calculate, collect, and forward the initial payment to the Clerk of Court with a reference to the docket number for this case. In each succeeding month when the amount in Mitchell's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Mitchell's inmate account. The Warden or other appropriate official shall do so until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is DIRECTED to send a copy of this Order to the Warden of the Montgomery County Correctional Facility.

4. The Amended Complaint is DEEMED filed.

5. The Amended Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the accompanying Memorandum.

6. Mitchell is permitted to file a second amended complaint by **February 14, 2025**. Any second amended complaint must identify ALL defendants in the caption in addition to identifying them in the body of the second amended complaint and shall state the basis for Mitchell's claims against each defendant. The second amended complaint shall be a complete document that does not rely on the initial Complaint, the Amended Complaint, or other papers filed in this case. Any claims not included in the second amended complaint will not be considered part of this case. When drafting his second amended complaint, Mitchell should be mindful of the Court's reasons for dismissing the claims in his Amended Complaint as explained in the Court's Memorandum. Upon the filing of a second amended complaint, the Clerk shall not make service until so ORDERED by the Court.

7. The Clerk of Court is DIRECTED to send Mitchell a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Mitchell may use this form to file his amended complaint if he chooses to do so.

8. If Mitchell does not wish to amend his Amended Complaint and instead intends to stand on his Amended Complaint as originally pled, he may file a notice with the by **February 14, 2025** stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil

action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

9. If Mitchell fails to file any response to this Order, the Court will conclude that Mitchell intends to stand on his Amended Complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239-40 (a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

10. Mitchell's Motion to Replevin is DENIED.

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

3

BY THE COURT:

<u>/s/ Juan R. Sánchez</u>
Juan R. Sánchez, J.