IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OTIS D. MITCHELL | : | CIVIL ACTION |
| | : | |
| v. | : | No. 24-5687 |
| | : | |
| ZACHARY S. ROBINSON, *et al*. | : | |

### MEMORANDUM

**Judge Juan R. Sánchez**                                                         **April 8, 2025**

      In his Second Amended Complaint, pro se Plaintiff Otis D. Michell asserts Section 1983 claims against Pottstown Police Officers Zachary Robinson and Ryan Guth; Magisterial District Judge Edward C. Kroop, Sr.; Montgomery County Court of Common Pleas Judges Thomas P. Rogers and William Carpenter; Montgomery County Assistant District Attorney ("ADA") Gabriel C. Hughes; Montgomery County Court Administrator Lauren Heron; and Montgomery County Public Defenders Cary B. Hall, Scott F. Frame, and P.J. DeAngelo. [1] SAC at 2-3, 12. Mitchell asserts his claims against all Defendants in both their individual and official capacities. *Id.* The Court will dismiss all claims against Judge Kroop, Judge Rogers, Judge Carpenter, ADA Hughes, Court Administrator Heron and any constitutional claims against Public Defenders Hall, Frame, and DeAngelo *with prejudice* for failure to state a claim. The Court will also dismiss *with prejudice* Mitchell's claims under the Fifth and Eighth Amendments, the Pennsylvania Constitution, the Universal Declaration of Human Rights, and the Treaty of Peace and Friendship. Mitchell's Sixth Amendment claims and his claims against Officers Robinson and Guth will be

---

[1]     Also pending is Mitchell's Motion to Amend Complaint and Motion for Summary Judgment. *See* ECF No. 11. To the extent Mitchell seeks leave to amend, it is denied as moot considering Mitchell's later filed Second Amended Complaint ("SAC"). To the extent Mitchell seeks summary judgment, it is denied as moot given the Court's disposition of Mitchell's claims.

dismissed *without prejudice* for failure to state a claim. The Court will grant Mitchell leave to file a third amended complaint addressing only (1) his Sixth Amendment claims and (2) his claims against Officers Robinson and Guth.

## I.    PROCEDURAL POSTURE AND FACTUAL ALLEGATIONS[2]

The Court previously performed a statutory screening of Mitchell's Amended Complaint, the then-operative pleading. The Amended Complaint consisted of a list of names of individuals Mitchell claimed had participated in an October 24, 2024 arraignment, a proceeding he claimed was illegal. *See Mitchell v. Robinson,* No. 24-5687, 2025 WL 209178, at *1 (E.D. Pa. Jan. 15, 2025). At screening, the Court determined that Mitchell's claims were not adequately developed and dismissed the Amended Complaint without prejudice for failure to state a claim. *Id*. at *3. He was granted leave to file a second amended complaint. *Id*. at *4.

Mitchell's allegations in the SAC describing each defendant's conduct are sparse. He alleges Officer Robinson arrested him without probable cause and in violation of warrant requirements. SAC at 4. He alleges on August 16, 2024, Officer Guth arrested him illegally, removed all items from his person during a pat and frisk, and "groped" him in the Pottstown Police Processing Center. *Id*. Defendant Magisterial District Judge Kroop allegedly abandoned his judicial role, acted as a rubber stamp for police, and failed to act in a neutral and detached fashion. *Id*. at 13. Defendant ADA Hughes allegedly engaged in malicious prosecution and "illegal stalking." *Id*. Mitchell alleges that Court Administrator Heron falsified papers and impersonated

---

[2]    The factual allegations set forth in this memorandum are taken from Mitchell's SAC (ECF No. 12). The Court adopts the pagination in the CM/ECF header. Where appropriate, grammar and spelling errors in Mitchell's pleadings have been corrected for clarity. Additionally, the Court includes facts reflected in publicly available dockets, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim).

a judge. *Id.* Relatedly, Mitchell alleges Judge Rogers—who was the presiding judge at Mitchell's October 24, 2024 arraignment—permitted Heron to hold the hearing, although she was a court administrator and not a judge. *Id.* He further alleges he never understood the charges asserted against him at the arraignment and pled innocent. *Id.* Public Defenders Hall, Frame, and DeAngelo allegedly engaged in illegal billing. Moreover, Mitchell alleges he did not retain or seek legal advice from any of these attorneys. *Id.* Mitchell alleges that in January 2025, Judge Carpenter sought to hold an arraignment in one of Mitchell's criminal cases, although an arraignment had already been held in October 2024. *Id.* Additionally, Judge Carpenter allegedly falsified documents by stating at the January hearing that Mitchell understood the charges against him and was pleading not guilty to them, though Mitchell alleges that he did not, in fact, understand the charges. *Id.*

Mitchell asserts claims for violations of Article I, Sections 5, 6, and 8 of the Pennsylvania Constitution,[3] the Universal Declaration of Human Rights,[4] and the Friendship and Peace Treaty

---

[3]     Mitchell also brings claims for money damages under the Pennsylvania Constitution, but Pennsylvania "does not recognize a private right of action for damages stemming from alleged violation of the state constitution." *Miles v. Zech*, 788 F. App'x 164, 167 (3d Cir. 2019) (*per curiam*). As there is no private right of action for the relief Mitchell seeks, his claims will be dismissed with prejudice. *See Plouffe v. Cevallos*, 777 F. App'x 594, 601 (3d Cir. 2019) ("[N]or is there a private right of action for damages under the Pennsylvania Constitution"); *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011).

[4]     "[T]he Universal Declaration of Human Rights ["UDHR"] is a non-binding declaration that provides no private rights of action." *See United States v. Chatman*, 351 F. App'x 740, 741 (3d Cir. 2009) (citing *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004)) (explaining the UDHR is merely a resolution of the United Nations and "does not of its own force impose obligations as a matter of international law"). District courts throughout this Circuit have routinely dismissed claims brought under the UDHR with prejudice for failure to state a claim or as legally frivolous. *See, e.g.*, *Best v. S.C.I. Huntingdon*, No. 19-01599, 2019 WL 5866707, at *5 (M.D. Pa. Oct. 9, 2019), *report and recommendation adopted*, 2019 WL 5868259 (M.D. Pa. Nov. 8, 2019); *Hamilton v. Dolce*, No. 18-2615, 2019 WL 4509375, at *3 (D.N.J. Sept. 19, 2019); *Pavalone v. Pres. Mgmt. Inc.*, No. 18-191, 2019 WL 1117931, at *3 (M.D. Pa. Jan. 8, 2019), *report and recommendation adopted*, 2019 WL 1117919 (M.D. Pa. Mar. 11, 2019). To the extent Mitchell raises claims against Defendants for violating the UDHR, these claims are dismissed with prejudice as any amendment would be futile.

between Morocco and the United States.[5] *Id*. at 3. Mitchell also alleges violations of his Fourth,

Fifth,[6] Sixth,[7] Eighth,[8] and Fourteenth Amendment rights. He seeks money damages. *Id*. at 5.

---

[5]      The Court understands Mitchell to refer to the Treaty of Peace and Friendship between Morocco and the United States—a document purportedly supporting principles espoused by Moorish Americans—who claim the United States may not exercise sovereignty over them. This claim will be dismissed with prejudice because claims based on the Treaty are not plausible. *See Sabrin-El v. Soc. for Indus. Applied Mathematics*, No. 14-3961, 2014 WL 3346467, at *2 (E.D. Pa. July 8, 2014) (citing cases) (dismissing claims based on Treaty of Peace and Friendship which "have no basis in fact or law."); *Garcia v. Bucks Cnty. Justice Cntr*., No. 17-3381, 2017 WL 4126349, at *3 (E.D. Pa. Sept. 18, 2017) (dismissing a claim based on the Treaty of Peace and Friendship because it "does not provide a basis for a civil cause of action.").

[6]      The Due Process Clause of the Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The clause, however, applies only to the federal government and federal officials and "does not apply to the acts or conduct of the states, their agencies, subdivisions, or employees." *Shoemaker v. City of Lock Haven*, 906 F. Supp. 230, 237 (M.D. Pa. 1995). Because the defendants here are not federal actors, the Fifth Amendment does not apply. Mitchell's Fifth Amendment claims will be dismissed with prejudice. *Patrick v. Rodriguez*, No. 23-00672, 2023 WL 10410947, at *15 (M.D. Pa. Nov. 20, 2023), *report and recommendation adopted*, 2024 WL 1159242 (M.D. Pa. Mar. 18, 2024).

[7]      The nature of Mitchell's Sixth Amendment claim is unclear. The Court notes, however, that Mitchell was a pretrial detainee when he filed this action and "[u]nder the Sixth Amendment, a pretrial detainee has a right to utilize counsel to defend against a criminal case that the state has brought against him."  *Prater v. City of Philadelphia*, No. 11-1618, 2015 WL 3456659, at *4 (E.D. Pa. June 1, 2015) (citing *Benjamin v. Fraser*, 264 F.3d 175, 186 (2d Cir. 2001)). With respect to restrictions on attorney contact with clients, the Supreme Court has held that "inmates must have a reasonable opportunity to seek and receive the assistance of attorneys and that prison regulations and practices that unjustifiably obstruct the availability of professional representation are invalid." *Id.* at 184 (quoting *Procunier v. Martinez*, 416 U.S. 396, 419 (1974)) (cleaned up). Thus, where an institutional restriction impedes a pretrial detainee's access to criminal counsel, "the practice must be evaluated in the light of the central objective of prison administration, safeguarding institutional security." *Id.* at 187 (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)).  A prison regulation restricting a pretrial detainee's contact with his attorney will be unconstitutional where it "unreasonably burden[s] the inmate's opportunity to consult with his attorney and to prepare his defense." *Id.* (internal citation and quotation marks omitted).
           Notably, a claim of unreasonable interference with the Sixth Amendment right to counsel does not require a showing of actual injury.  *See Benjamin*, 264 F.3d at 185. Although the United States Court of Appeals for the Third Circuit has not ruled on this issue in a published opinion, the court in *Prater* noted the district court had failed to address prisoner's Sixth Amendment interference with right to counsel claim and disagreed with district court's implicit conclusion that the claim required a showing of actual injury. *Id.* Because merely referencing the Sixth Amendment does not state a plausible claim, this claim will be dismissed.  *Campbell v. LVNV*

The publicly available docket in *Commonwealth v. Mitchell*, CP-46-CR-5179-2024 (C.P. Montgomery) reflects that on August 15, 2024, Officer Ryan L. Guth of the Pottstown Police Department arrested Mitchell in connection with a variety of drug related charges. *Id*. Gabrielle Hughes is identified as the Assistant District Attorney assigned to the case. *Id*. Cary B. Hall and Scott Frame are identified as the public defenders assigned to the case. *Id*. The docket reflects that, following a jury trial held on March 24, 2025 and presided over by the Honorable William R. Carpenter, Mitchell was found guilty on five drug-related charges. *Id*. Sentencing was deferred, and the current status of the case reflects that the Court is awaiting a completion of a Pre-Sentencing Investigation.[9] *Id*.

The publicly available docket in *Commonwealth v. Mitchell*, CP-46-CR-4849-2024 (C.P. Montgomery) reflects that on August 16, 2024, Officer Zachary S. Robinson of the Pottstown Police Department arrested Mitchell in connection with a variety of drug and related charges. *Id*. Gabrielle Hughes is identified as the Assistant District Attorney assigned to the case. *Id*. Cary B. Hall and Scott Frame are identified as the public defenders assigned to the case. *Id*. The docket reflects that an arraignment was held by video on October 24, 2024 and appears to have been presided over by Deputy Court Administrator Lauren Heron. *Id*. The docket reflects that a jury

---

*Finding, LLC and Resurgent Capital Servs.*, No. 21-5388, 2022 WL 6172286, at *7 (E.D. Pa. Oct. 7, 2022) ("a passing reference to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other."). However, the Court will grant Mitchell leave to amend this claim if he can do so as set forth herein and if he can identify a defendant who allegedly interfered with his Sixth Amendment rights.

[8]    Under the Eighth Amendment, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment imposed." U.S. Const. amend, VIII. The Court cannot discern a basis for an Eighth Amendment claim against the named Defendants based on Mitchell's allegations. The Eighth Amendment claims will be dismissed with prejudice.

[9]    Mitchell is reminded that it is his burden to provide the Clerk with an updated address if he is transferred to a different facility following his sentencing.

trial held on March 6, 2025 and presided over by Judge Carpenter resulted in a mistrial. *Id.* On March 11, 2025, all charges against Mitchell were *nolle prossed*. *Id.*

## II.    STANDARD OF REVIEW

The Court has already granted Mitchell leave to proceed *in forma pauperis*. Under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court must dismiss the SAC if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). That standard requires that a court determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Mitchell is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III.    DISCUSSION

In his SAC, Mitchell again asserts violations of his constitutional rights. *Id.* at 3. Federal constitutional claims may be brought into federal court pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.    Claims Barred by Immunity

### 1.    Judicial Immunity

Mitchell asserts claims against Judge Kroop, Judge Rogers, and Judge Carpenter based on their conduct in connection with his criminal proceedings. However, judges are entitled to absolute immunity from civil rights claims based on acts or omissions taken in their judicial capacity so long as judges do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (internal citation and quotation omitted). Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity exists even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), or are taken as a result of a conspiracy with others. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

Mitchell's allegations about the defendant judges involve actions taken in their judicial capacity in cases over which they clearly had jurisdiction. As a result, these claims are not plausible and will be dismissed with prejudice.

### 2.    Prosecutorial Immunity

Mitchell asserts a claim against ADA Hughes for malicious prosecution and "illegal stalking."[10] SAC at 13. However, prosecutors are entitled to absolute immunity from liability under

---

[10]    Mitchell's undeveloped "illegal stalking" claim does not give rise to a § 1983 claim and will be dismissed as not plausible. While the claim may refer to zealous prosecution, such a claim would fall under the broad reach of prosecutorial immunity. *See, e.g., Selander v. Brague*, No. 17-0594, 2019 WL 5829373, at *6 (M.D. Pa. Nov. 7, 2019) (dismissing claims that prosecutor acted in bad faith and for retaliatory purposes when he brought charges against plaintiff because a

§ 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Absolute immunity extends to the decision to initiate a prosecution, *Imbler*, 424 U.S. at 431, including "soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings," *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992), presenting a state's case at trial, *Imbler*, 424 U.S. at 431, and appearing before a judge to present evidence. *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020). In *Fogle*, prosecutors were entitled to immunity from claims based on allegations "that at hearings and at trial the Prosecutors withheld material exculpatory evidence from defense counsel, the court, and the jury; filed a criminal complaint without probable cause; and committed perjury before and during trial." 957 F.3d at 164. Mitchell's claims against Hughes based on her decision to bring charges and her prosecution of those charges are not plausible and will be dismissed with prejudice.

### 3.    Claims Against Court Personnel

Mitchell asserts a claim against Court Administrator Heron alleging she conducted his October 2024 arraignment at the behest of Judge Rogers. SAC at 13. Courts have held that clerks of court and clerk's office employees enjoy absolute immunity and quasi-judicial immunity when performing duties required by statute or at the direction of judicial authority. *See e.g.*, *Mercedes v. Barrett*, 453 F.2d 391, 392 (3d Cir. 1971); *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969) ("In addition to the recognized immunity enjoyed by judicial and quasijudicial officers, including prothonotaries, there exists an equally well-grounded principle that any public official acting

---

"prosecutor is entitled to absolute immunity while performing his official duties as an officer of the court, even if, in the performance of those duties, he is motivated by a corrupt or illegal intention." (citations and internal quotations omitted)). To the extent Mitchell seeks to raise a state law claim for invasion of privacy, the Court lacks subject matter jurisdiction over the claim because Mitchell has not alleged complete diversity between the parties. *See* Section II. D. 2., *infra*.

pursuant to court directive is also immune from suit."); *Lucarelli v. Norton*, No. 06-53, 2006 WL 709319, at *7 (M.D. Pa. Mar. 17, 2006); *Pokrandt v. Shields*, 773 F. Supp. 758, 765 (E.D. Pa. 1991) (noting that courts have held that clerks of court are entitled to immunity the same as judges). Mitchell's claims against Heron will be dismissed with prejudice.

**B.    Claims Against Officer Robinson**

Mitchell alleges Robinson illegally arrested him without probable cause and in violation of the requirement for a warrant. SAC at 4. Mitchell has sued Robinson in both his official and individual capacities. *Id.* at 2. Because Mitchell has failed to plead sufficient facts to establish plausible claims against Robinson, the claims will be dismissed, albeit without prejudice.

**1.    Official Capacity Claim**

Claims against a municipal employee in his official capacity are indistinguishable from claims against the governmental entity that employs him. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)).  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*

To state a claim for municipal liability, then, a plaintiff must allege the municipality's policies or customs caused the alleged constitutional violation. *See Monell*, 436 U.S. at 694. The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). Mitchell does not allege he suffered a constitutional violation due to a policy or custom of the City of Pottstown. Accordingly, his official capacity claim against Robinson is not plausible and will be dismissed without prejudice.  He will be granted leave to amend this claim.

### 2. Individual Capacity Claims

The Court liberally construes Mitchell's individual capacity claims against Robinson as Fourth Amendment false arrest and false imprisonment claims. "False arrest and false imprisonment are nearly identical claims that are generally analyzed together." *Karkut v. Target Corp.,* 453 F. Supp. 2d 874, 879 (E.D. Pa. 2006) (citation and quotation omitted). To state a claim for false arrest and false imprisonment under the Fourth Amendment, a plaintiff must allege facts establishing he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483. "False arrest and false imprisonment claims will necessarily fail if probable cause existed for any one of the crimes charged against the arrestee." *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (internal quotation and citation omitted).

"To properly analyze a claim asserting an illegal search and seizure under the Fourth Amendment, [the plaintiff] must plead the circumstances under which the search arose." *Medina v. Aprile*, No. 23-1057, 2023 WL 3440236, at *9 (E.D. Pa. May 12, 2023) (citation omitted); *Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (*per curiam*) (explaining that plaintiff "needed to point to facts suggesting that [the defendant] lacked probable cause to believe he had committed the offense for which he was arrested"); *Jenkins v. City of Philadelphia*, No. 15-3271, 2015 WL 5585186, at *3 (E.D. Pa. Sept. 23, 2015) (dismissing false arrest and false imprisonment claims because plaintiff's alleged facts did not sufficiently "shed light on the circumstances under which he was arrested, on what the officers knew or should have known at the time of the arrest, or on any other factor that might have a bearing on the claims he attempts to raise.").

Mitchell alleges in a conclusory fashion that Robinson arrested him without probable cause, but does not provide any description of the circumstances giving rise to the arrest. His Fourth Amendment false arrest and false imprisonment claims against Robinson will be dismissed. Mitchell will be granted leave to file a third amended complaint so he can develop his allegations by "explaining in [the] amended complaint the who, what, where, when and why of [his] claim." *See Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022) (internal citation and quotation omitted).

### C.    Claims Against Officer Guth

Mitchell alleges Officer Guth arrested him illegally by taking all items from him during a pat and frisk search, and subsequently sexually groped him in the Pottstown Police Processing Area. SAC at 4, 13. He asserts these claims against Guth in both his individual and official capacities. *Id*. at 2. The Court liberally construes Mitchell as asserting Fourth Amendment search and seizure and excessive force claims.

#### 1.    Official Capacity Claims

Guth, like Robinson, is an employee of the City of Pottstown. As explained above, an official capacity claim against a municipal employee is essentially a claim against the municipality. Mitchell's claim against Guth fails because as with the claim against Robinson, he fails to allege that he suffered a constitutional violation due to a policy or custom of the City of Pottstown. *See* Section III. B. 1, *supra*. The Court will dismiss the official capacity claim against Guth and grant Mitchell leave to amend this claim.

#### 2.    Individual Capacity Claims

The Court construes Mitchell's individual capacity claim against Guth as a Fourth Amendment search and seizure claim. "To properly analyze a claim asserting an illegal search

and seizure under the Fourth Amendment, [the plaintiff] must plead the circumstances under which the search arose." *Medina*, 2023 WL 3440236, at *9. Mitchell does not describe the circumstances giving rise to Guth's arrest. He merely asserts in a conclusory fashion that Guth arrested him illegally. Moreover, Mitchell does not describe the property confiscated, does not allege why it was confiscated, and does not state whether it was returned. His illegal search and seizure claim is wholly undeveloped and, therefore, not plausible. This claim will be dismissed without prejudice, and Mitchell will be granted leave to amend it.

Mitchell also alleges Guth groped him, which the Court construes as a Fourth Amendment excessive force claim. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) ("[C]laims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard[.]"); *Santini v. Fuentes*, 795 F.3d 410, 417 (3d Cir. 2015) ("In an excessive force case, we determine whether a constitutional violation has occurred using the Fourth Amendment's objective reasonableness test."); *Hays v. Los Angeles Police Dep't*, No. 12-10219, 2017 WL 11634942, at *4 (C.D. Cal. May 5, 2017) (holding arrestee's allegation that police officer groped her following arrest is construed as a Fourth Amendment claim) (citing *Fontana v. Haskin*, 262 F.3d 871, 878-879 (9th Cir. 2001). In analyzing excessive force claims, courts "determine whether the force used is 'objectively reasonable' based on the totality of the circumstances, . . . and certain factors, including: 'the facts and circumstances of each particular case, . . . the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade

arrest by flight.'" *Klein v. Madison*, 374 F. Supp. 3d 389, 407 (E.D. Pa. 2019) (quoting *Graham*, 490 U.S. at 386)).

While Mitchell alleges he was "groped," he does not describe the circumstances surrounding the alleged groping and does not describe the act itself with any particularity. He does not identify the circumstances of the search during which he was allegedly groped, including whether or not he was attempting to resist the search, and whether or not he was restrained at the time of the alleged incident. The claim, as pled, is conclusory and undeveloped and will be dismissed without prejudice. Mitchell will be granted leave to amend this claim.

### D.    Claims Against Public Defenders

#### 1.    Constitutional Claims

The nature of Mitchell's claims against Defendants Hall, Frame, and DeAngelo is not clear, but to the extent he asserts constitutional claims against them, those claims must be dismissed with prejudice. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted). "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999). *See also Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (*per curiam*) (noting that a court-appointed attorney is not a state actor for purposes of § 1983; *Singh v. Freehold Police Dep't*, No. 21-10451, 2022 WL 1470528, at *2 (D.N.J. May 10, 2022) ("Plaintiff['s] dissatisfaction with the representation provided by Mr. Moschella does not provide a basis for a civil rights claim against him."). "[B]efore private persons can be considered state actors for purposes of section 1983, the state must significantly contribute to the constitutional deprivation." *Angelico*, 184 F.3d at 278 (quoting *Jordan v. Fox, Rothschild,*

*O'Brien & Frankel*, 20 F.3d 1250, 1266 (3d Cir. 1994)).  Because Hall, Frame, and DeAngelo are not state actors, they cannot be sued under § 1983 and the constitutional claims against them will be dismissed with prejudice.

### 2. State Law Claims

Michell also alleges Hall, Frame, and DeAngelo engaged in illegal billing and that he did not consult them for legal services. SAC at 13. Liberally construing Mitchell's claim, the Court understands Mitchell to assert a state law claim for conversion or fraud.  However, because the Court will dismiss Mitchell's federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over his state law claims. The only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "complete diversity between all plaintiffs and all defendants meaning that, unless there is some other basis for jurisdiction, no plaintiff may be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (cleaned up). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc.*

*v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (explaining that the plaintiff must demonstrate that the requirements for diversity jurisdiction have been met).

Mitchell does not allege the citizenship of the parties. Rather, he provides only a prison address for himself and a business address for the public defenders, all of which are in Montgomery County, Pennsylvania. This suggests that he and some, if not all three, of the Defendants may be Pennsylvania citizens, thus defeating diversity. Because Mitchell has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims, the claims will be dismissed without prejudice for lack of subject matter jurisdiction.

## IV.    CONCLUSION

Because the claims are subject to immunity, the Court will dismiss with prejudice Mitchell's claims against Judge Kroop, Judge Rogers, Judge Carpenter, ADA Hughes, and Court Administrator Heron. The Court will also dismiss with prejudice any constitutional claims against public defenders Hall, Frame, and DeAngelo and all claims brought under the Fifth and Eighth Amendments, the Pennsylvania Constitution, the Universal Declaration of Human Rights, and the Treaty of Peace and Friendship. The Court will dismiss *without prejudice* Mitchell's Sixth Amendment claims, his state law claims against the public defenders, and his official and individual capacity claims against Officer Robinson and Officer Guth. The Court will grant Mitchell leave to file a third amended complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).

An appropriate order follows.

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, J.