IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OTIS D. MITCHELL | : | CIVIL ACTION |
| | : | |
| v. | : | No. 24-5687 |
| | : | |
| ZACHARY S. ROBINSON, *et al.* | : | |

## **ORDER**

AND NOW, this 8th day of April, 2025, upon consideration of Plaintiff Otis D. Mitchell's *pro se* Second Amended Complaint (ECF No. 12) and the "Motion to Amend Complaint and Motion for Summary Judgment" (ECF No. 11)—and for the reasons set forth in the accompanying memorandum—it is hereby ORDERED:

1. The following claims are DISMISSED WITH PREJUDICE for failure to state a claim:

    a. All claims against Edward C. Kroop, Sr., Gabriel C. Hughes, Lauren Heron, Thomas P. Rogers, and William Carpenter;

    b. All constitutional claims against Cary B. Hall, Scott F. Frame, and P.J. DeAngelo; and

    c. All claims asserted under the Fifth and Eighth Amendments, the Pennsylvania Constitution, the Universal Declaration of Human Rights, and the Treaty of Peace and Friendship.

2. Mitchell's state law claims against Hall, Frame, DeAngelo are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

3. The Clerk of Court is DIRECTED to TERMINATE the following defendants: (1) Edward C. Kroop, Sr., (2) Gabriel C. Hughes, (3) Lauren Heron, (4) Thomas P. Rogers, (5) William Carpenter, (6) Cary B. Hall, (7) Scott F. Frame, and (8) P.J. DeAngelo.

4. The remainder of Mitchell's Second Amended Complaint is DISMISSED WITHOUT PREJUDICE.

5. The Clerk of Court is DIRECTED to send Mitchell a blank copy of the Court's standard form complaint for prisoners.

6. Mitchell shall have until **May 8, 2025** to file a third amended complaint should he wish to do so and if he can allege additional facts to state a plausible claim against Robinson and Guth and/or if he can allege additional facts to state plausible Sixth Amendment claims. Any third amended complaint shall: (1) identify all defendants in the caption of the complaint, (2) identify all defendants in the body of the complaint, (3) state the basis for Mitchell's claims against each defendant, and (4) bear the title "Third Amended Complaint" and the case number 24-5687. If Mitchell files a third amended complaint, his third amended complaint must be a <u>complete</u> document that includes all of the bases for Mitchell's claims. The third amended complaint must not rely on any prior pleadings filed in this case. When drafting his amended complaint, Mitchell should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum. **<u>Mitchell should not include in his third amended complaint any claim or defendant previously dismissed *with prejudice* from this case.</u>**  Upon the filing of a third amended complaint, the Clerk shall not make service until so ORDERED by the Court.

7. If Mitchell does not wish to file a third amended complaint and instead intends to stand on his Second Amended Complaint as pled, he may file a notice with the Court by **May 8, 2025** stating that intent, at which time the Court will issue a final order dismissing the case.  Any such

notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.[1]

8. If Mitchell fails to file any response to this Order, the Court will conclude that Mitchell intends to stand on his Second Amended Complaint and will issue a final order dismissing this case.[2] *See id*. at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after being ordered to take action to cure a defective complaint).

9. Mitchell's "Motion to Amend and Motion for Summary Judgment" is DENIED.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

[1] *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (internal citation omitted).

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).